IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

FI ED
01 FEB 26 PM 2:52
U.S. ____ COURT
N.D. OF ALABAMA

|  |  |  |
|---|---|---|
| THE CIT GROUP/EQUIPMENT FINANCING, INC., | ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | 00-AR-488-M |
| GRADY WALKER BUILDING CONTRACTOR, INC., and STAN WALKER, | ) ) ) ) | |
| Defendants. | ) ) ) | |

ENTERED

FEB 26 2001

## MEMORANDUM OPINION

Before the court is the motion for summary judgment of plaintiff, CIT Group/Equipment Financing, Inc. ("CIT"). CIT alleges that defendants, Grady Walker Building Contractor, Inc. ("Grady Walker") and Stan Walker, have defaulted on the equipment lease agreement between Grady Walker as purchaser-borrower, and CIT, as lender, and on the guaranty agreement signed by Stan Walker. For the reasons set forth below, plaintiff's motion is due to be granted in part and otherwise denied without prejudice, depending on what CIT does by March 9, 2001.

### Pertinent and Undisputed Facts

The original complaint contained two counts. The first alleged that Grady Walker defaulted on a financing agreement ("the Lease") under which it was obligated to make monthly payments to CIT for an Italpresse Lockform Membrane Press ("the Equipment"). Under the



second count, CIT alleges that it has the same rights against Stan
Walker for his failure to meet the term of his guaranty of Grady
Walker's performance under the Lease.

After defendants initially appeared, CIT moved for a writ of
seizure of the Equipment.  Before the court could hear the interim
seizure matter, the parties jointly filed a proposed consent order
which the court promptly entered on April 21, 2000.  That decree
conditionally allowed the seizure **if** defendants did not make certain
payments to CIT by specified dates and did not resume making monthly
payments on the Equipment as originally provided in the Lease.  In
its current motion and accompanying affidavit, CIT makes no mention
of this interim decree, which was, in reality, a substitute for the
lease agreement and the guaranty.  Nevertheless, the court will
treat CIT's motion as one to enforce the interim decree, which, as
noted, incorporates the terms of the Lease and the Guaranty.
Implicit in the fact that the Equipment has been uneventfully
repossessed is defendants' violation of the terms of the interim
decree.

On January 26, 2001, CIT moved for summary judgment.  In
support, it filed an affidavit of one of its officers in which he
declared that Grady Walker has defaulted on the Lease [decree] and
that CIT, based on its perfected security interest on the Equipment,
repossessed the Equipment in August, 2000 and sold it in November,
2000.  The cost of repossession was two thousand, five hundred

2

dollars ($2,500), and the sale proceeds were eighty-five thousand dollars ($85,000), leaving a deficiency owed CIT under the Lease of forty-nine thousand, five hundred ten, and 60/100 ($49,510.60). In addition to seeking judgment for that deficiency, CIT contends that Paragraph Nine of the Lease, the remedies provision, entitles it to recover its reasonable attorney's fees. In part, that provision says:

> If Default occurs, we [CIT] may do one or more of the following: (a) we may cancel or terminate this Lease or any or all other agreements that we may have with you [Grady Walker]; (b) we may require you to immediately pay us, as compensation for loss of our bargain ... a sum equal to (i) all unpaid Lease Payments for the remainder of the term plus our anticipated residual interest in the Equipment ... each discounted to present value at the rate used by us to compute the Lease Payments, compounded monthly, plus (ii) all other amounts due or that become due under this Lease; ... (d) we or our agent may peacefully repossess the Equipment without court order ...; and (e) we may exercise any other right or remedy available at law or in equity. You agree to pay all of our costs of enforcing our rights against you, including reasonable attorneys fees. If we take possession of the Equipment, we may sell ... it ... and apply the net proceeds (after we have deducted all costs related to the sale ...) to the amounts that you owe.

The court entered its standard submission order which allowed Grady Walker and Stan Walker the time required by Rule 56 to respond to CIT's motion, and CIT time to reply to any such response. Those times having elapsed without further filings by either side, the motion came under submission on February 15, 2001. By not responding to CIT's motion for summary judgment, defendants have confessed all of the facts asserted by CIT. Rule 56(c), F.R.Civ.P.

provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CIT has fully met this standard, that is, except for its claim for attorneys fees, as to which it wants an open-ended postponement.

The court cannot retain jurisdiction for an indeterminate period of time simply in order to provide CIT an opportunity to see how much lawyer effort, if any, will be needed to effect collection of its judgment. Suits on contracts that include provisions for attorneys fees call for proof of those fees before the entry of judgment. This is not a case for the awarding of a statutory attorneys fee to a prevailing party. If CIT incurs post-judgment attorneys fees, that will be a matter that will have to be addressed then. For the purposes of this case, which will be closed on **March 10, 2001,** by the entry of a final judgment, the reasonable attorneys fees of CIT not proven by **4:30 p.m., March 9, 2001,** will not be awarded. After that time, a judgment will be entered for $49,510.60 plus whatever reasonable attorneys fees have been proven by CIT. Such judgment will be without prejudice to any right that CIT may have to attorneys fees that accrue thereafter, but there will be no retention of jurisdiction for that purpose.

4

DONE this __26th__ day of February, 2001.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT COURT